## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**PAMELA M. MARTIN**                                    **CIVIL ACTION NO.**

**VERSUS**                                                      **22-462-JWD-EWD**

**OCHSNER CLINIC FOUNDATION**

## ORDER

Pamela M. Martin ("Martin"), who is representing herself, filed this action against Ochsner Clinic Foundation ("OCF").  The Complaint does not allege the legal basis for Martin's claims but it references an "EEOC Determination letter" and seeks appointment of counsel.[1] Contemporaneously with the Complaint, Martin filed an Application Under Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) ("Application") for appointment of an attorney and the ability to proceed in forma pauperis.  The Application indicates that Martin is asserting a claim for employment discrimination in violation of the federal statutes prohibiting illegal discrimination in the workplace.[2]  Specifically, the Application alleges that Martin was terminated from her employment due to her "mental and physical disabilities," that Martin filed an EEOC charge, and that Martin received a "right to sue" letter from the EEOC.[3]  In response to the Application's directive for Martin to describe the employment practices of which she was complaining, Martin responded "Please see attached."[4]  Martin attached her EEOC charge, wherein she complains of discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, her "right to sue" letter from the EEOC, and her letter to the

---

[1] R. Doc. 1, p. 2.

[2] R. Doc. 3 and *see* attestation at p. 13.  42 U.S.C.A § 2000e-5(f)(1) authorizes and proscribes the terms by which civil suits may be filed by persons who have filed charges of employment discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and authorizes the appointment of attorneys for such persons.  *See also* 42 U.S.C. § 12117 (adopting § 2000e-5).

[3] R. Doc. 3, pp. 3-4.

[4] R. Doc. 3, p. 4.

EEOC, wherein she also alleges that OCF terminated her because she was disabled.[5]  Therefore, it appears that the Court has subject matter jurisdiction under 28 U.S.C. § 1331.[6]

Martin alleges that the acts of employment discrimination took place in Orleans Parish, where she worked for OCF.[7]   Pursuant to 42 U.S.C. § 2000e-5(f)(3),[8] the proper venue for this action appears to be in the Eastern District of Louisiana, which is the federal district court encompassing Orleans Parish. Under the provisions of 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a court of proper venue. Because the alleged incidents occurred in Orleans Parish and because the employment records related to the alleged violation are likely maintained and/or administered in Orleans Parish, where Plaintiff worked and where OCF is domiciled, it is proper, for the convenience of the parties and in the interest of justice, to transfer this action to the Eastern District of Louisiana.

---

[5] R. Doc. 3, pp. 5-11.  *See also* Martin's proposed order for the Application, which references appointment of an attorney "to assist Pamela M. Martin in filing a civil action based on Sec. 706 of the 1964 Civil Rights Act, 42 USC § 2000e-5…." R. Doc. 3, p. 14.

[6] Because Martin is representing herself, her filings were construed broadly, and all information was considered even if not included in the Complaint.  *Coleman v. United States,* 912 F.3d 824, 828 (5th Cir. 2019) ("The filings of a *pro se* litigant are 'to be liberally construed,' ... And 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]' *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ).

[7] R. Doc. 1, p. 1 and R. Doc. 3, p. 7.  According to the records of the Louisiana Secretary of State, OCF's domicile and mailing address are also in Orleans Parish.
https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=6069_4CC09012F2

[8] 42 U.S.C. § 2000e-5(f)(3) provides: "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office…."  *See also* 28 U.S.C. §§ 1391(b)(1) and (2). According to the allegations presently before the Court, venue is not proper in this Court.

Accordingly,

**IT IS ORDERED**, *sua sponte*, that this action is **TRANSFERRED** to the U.S. District Court for the Eastern District of Louisiana.[9]

**IT IS FURTHER ORDERED** that the Clerk of Court send a copy of this Order to Pamela M. Martin at her address listed on PACER, 520 Cypress Street, Raceland, LA 70394, via certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on July 12, 2022.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] A court may transfer venue *sua sponte*. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

3